IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM PRICE ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| FORREST REDI-MIX, INC. ) | Jury Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff William Price brings this action against Defendant Forrest Redi-Mix, Inc. ("Redi-Mix" or "Defendant"), for violations of federal and state laws concerning compensation for work performed.

## JURISDICTION AND VENUE

1. This Court has original federal jurisdiction over the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq*. claims pursuant to 29 U.S.C. § 1331, because they are civil actions arising under laws of the United States, specifically, 29 U.S.C. §216(b). This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial portion of the events that gave rise to this action occurred in this District.

## PARTIES

3. This law suit arises under the Fair Labor Standards Act and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. (the "IMWL"), for Defendant's failure to pay minimum and overtime wages to Plaintiff.

4. Plaintiff, William Price ("Price"), resides in and is domiciled in Chatsworth, Illinois. At all material times hereto, Price was employed by Redi-Mix within this judicial district.

5. Redi-Mix is an Illinois corporation located in Forrest, Illinois and operating within this judicial district.

## FACTS RELATING TO PLAINTIFF

6. Price was employed by Redi-Mix as a Group 1 Chauffeur from 2001 through the present in Forrest, Illinois

7. Plaintiff is a Redi-Mix employee as defined by the IMWL, 820 ILCS 105/3(c) and the FLSA, 29 U.S.C. §203(d).

8. Price worked in excess of forty (40) hours a week and received the same amount of wages per hour regardless of the amount of hours worked.

9. Plaintiff was required to punch in and out of a time clock.

10. Plaintiff does not have the authority to hire or fire employees, to establish salaries, does not give promotions or demotions; and is not permitted to make relatively important decisions about how to do his job without direct supervision or approval from supervisors.

11. Plaintiff is not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §203(d).

12. Redi-Mix is Plaintiff's employer as defined in the IMWL, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §206 and §207.

13. Redi-Mix is an enterprise as defined by the FLSA. 29 U.S.C. §203(r)(l).

## FACTS RELATED TO DEPARTMENT OF LABOR ACTIONS

14. After an employee complaint was filed in September 2008, the Department

of Labor investigated and audited Redi-Mix for violations of the IMWL.

15. The allegations included paying employees of Redi-Mix for forty (40) hours per week from Redi-Mix and any time over forty (40) hours from another company, S&S Construction and PRD Cartage Co. This excess of forty (40) hours would be paid at the normal hourly wage instead of the required time and a half.

16. Upon investigation, the Department of Labor found that Forrest Red-Mix committed fourteen violations of the IMWL, not including the violations it found committed by S&S Construction and PRD Cartage Co.

17. On May 4, 2009 the Department of Labor sent Redi-Mix a letter stating that it had not complied with provisions of the Minimum Wage Law and requiring Redi-Mix to pay each employee the minimum wage and/or overtime back pay.

18. Red-Mix distributed checks by sending them to the Department of Labor. The Department of Labor then forwarded the checks to Redi-Mix employees on May 22, 2009.

19. After the checks were distributed, Redi-Mix requested all employees who received a check, including Plaintiff, return that check to Redi-Mix uncashed.

20. These employees received nothing in return for the checks, except removal of any threat to not give them work.

21. In order to continue working, Redi-Mix stated that each employee's hours over forty (40) would be decreased in their records even when they worked over forty (40) hours.

22. For instance, if an employee worked fifty (50) hours and normally earns $10.00/hour, under the law the employee is entitled to $10.00/hour for the first forty (40) hours and time and a half or $15.00/hour for the ten (10) hours over forty (40). This would equal $550.00.

Redi-Mix would instead decrease the excess hours worked to forty-five (45), and pay this employee $10.00/hour for the first forty (40) hours and $20.00/hour for only five (5) hours worked over forty (40). This would equal just $500.00. Thus, the time sheets would reflect overtime pay, but the employee would only be receiving his hourly wage without any overtime pay.

23. In 2012, the Department of Labor again investigated the three companies upon complaints by employees.

24. The Department of Labor found that the companies, Redi-Mix, S&S Construction, and PRD Cartage Co., committed fifty-two (52) violations of the IMWL.

25. Redi-Mix paid Plaintiff for the first forty (40) hours worked in a week and at his normal hourly rate for any time worked in excess, following on its promise to cut overtime hours in half and pay double pay for those hours on paper, but causing the employee to earn only his normal wage on all hours.

26. Again, the Department of Labor required Redi-Mix to write checks to compensate these employees.

27. Again, Redi-Mix distributed the checks by sending them to the Department of Labor, which is turn sent them out to the employees.

28. Again, Redi-Mix required its employees to return the checks. Plaintiff refused to return his check. Since that time, Plaintiff has been harassed and insulted at work. Redi-Mix has also not given him the opportunity to work pursuant to his contract.

29. Additionally, Redi-Mix has consistently paid Plaintiff an incorrect wage pursuant to Plaintiff's union contract. As a 3 axle or less Group 1 Chauffeur, Plaintiff's union contract states that his straight time hourly rate is $27.73 effective May 1, 2010, $28.25 effective

May 1, 2011, and $28.25 effective May 1, 2012. For pay date December 9, 2010 Plaintiff was paid $22.85, with double pay for half of his overtime hours as described above. For pay date May 12, 2011, June 14, 2012, and October 11, 2012, Plaintiff was paid $23.37 instead of $28.25. Since that time, Plaintiff brought to Redi-Mix's attention that his true wage was not reflected in his paycheck in violation of the IMWL. Plaintiff refused to accept this paycheck and returned it to be corrected.

30. On November 27, 2012, as a direct result of attempting to correct his paycheck, a management employee used foul and harassing language in yelling at Plaintiff, asking what it would take to make him happy about the labor board issue and referencing his wife.

## COUNT I
### Violation of the FLSA - Overtime Wages

31. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

32. This count arises from Redi-Mix's violation of the FLSA, 29 U.S.C. §207, for its failure to pay overtime wages to plaintiff for all time worked.

33. Plaintiff performed job duties and responsibilities for Redi-Mix. During the course of his employment by Redi-Mix, Plaintiff was not exempt from the overtime wage provision of the FLSA, 29 U.S.C. §207.

34. Redi-Mix did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of forty (40) hours in individual work weeks.

35. Redi-Mix did not compensate Plaintiff in accordance with Plaintiff's union contract.

36. Redi-Mix's continuous failure and refusal to pay Plaintiff's overtime wages for time working in excess of forty (40) hours per week was a violation of the FLSA.

37. Redi-Mix willfully violated the FLSA by refusing to pay Plaintiff overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Redi-Mix as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate of pay or the applicable minimum wage for all time Plaintiff worked in excess of forty (40) hours per week;

B. An accounting of the correct number of hours plaintiff worked in the applicable time period;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the IMWL - Overtime Wages

38. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

39. This court has supplemental jurisdiction over matters alleged herein pursuant to 28 U.S.C. §1367.

40. The matters set forth in this count arise from Redi-Mix's violation of the overtime compensation provision of the IMWL, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

41. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, plaintiff was entitled to be compensated at one and one-half times his

regular rate of pay for time worked in excess of forty (40) hours per week.

42. On numerous occasions, Plaintiff worked in excess of forty (40) hours per week.

43. Redi-Mix did not pay Plaintiff overtime wages for all time he worked in individual work weeks.

44. Redi-Mix violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover his unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Redi-Mix as follows:

A. Judgment in the amount of one and one-half times the greater of Plaintiff's regular or the applicable minimum wage for all time Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Retaliation

46. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

47. This court has supplemental jurisdiction over matters alleged herein pursuant to 28 U.S.C. §1367.

48. The matters set forth in this count arise from Redi-Mix's violation of the retaliation provisions of the Whistleblower Act, 740 Ill. Comp. Stat. 174/20 and/or 20.1. Plaintiff brings this action pursuant to 740 ILCS 174/30.

49. Redi-Mix has continued to withhold hours from Plaintiff because Plaintiff kept his 2012 check and Plaintiff refused to accept a paycheck that did not accurately state his time and wage in violation fo the IMWL.

50. Redi-Mix management employees have used foul and harassing language towards Plaintiff as a result of keeping his 2012 check.

51. On November 27, 2012, a management employee used foul language in yelling at Plaintiff, asking what it would take to make him happy about the labor board issue and referencing Plaintiff's wife.

52. Plaintiff has suffered loss of wages and loss of job opportunity as a result of Redi-Mix's wrongful and unlawful behavior. Rather than outrightly terminate Plaintiff, Redi-Mix has severely limited his hours despite giving hours to employees who did not receive or keep their check who are at a more junior level, in violation of Plaintiff's union contract.

53. On December 20, 2012, a management employee at Redi-Mix informed Plaintiff that there were not hours available. At that time, four men who were under Plaintiff in the seniority list were working those hours. On December 21, 2012, the same management employee at Redi-Mix again informed Plaintiff that no hours were available for Plaintiff to work. On that day, Plaintiff witnessed three employees working who were also below him on the seniority list and either did not receive a 2012 check or received a check and returned it. Redi-Mix's claim that there were no hours, as opposed to outrightly terminating Plaintiff, has resulted in Plaintiff not knowing the

status of his employment and thus his inability to seek other work.

54. As a direct result of Redi-Mix's retaliation, Plaintiff has suffered emotional distress: confusion, anxiety, stress, and embarrassment. Plaintiff has also suffered feelings of betrayal, anger and helplessness due to Redi-Mix's actions wrongful and unlawful behavior.

WHEREFORE, Plaintiff prays for a judgment against Redi-Mix as follows:

A. Reinstatement with the same seniority status as the employee would have had, but for the violation;

B. Back pay, with interest; and

C. Compensation for the above damages sustained as a result of the violation, including litigation costs, any expert witness fees, and reasonable attorney's fees.

## COUNT IV
### Breach of Contract

55. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

56. This court has supplemental jurisdiction over matters alleged herein pursuant to 28 U.S.C. §1367.

57. Plaintiff is a member of General Teamster Local 179.

58. Redi-Mix contracted with General Teamster Local 179 to pay a wage of $27.73 to Group 1 Chauffeurs (other than Quarry) for 3 axle or less Ready Mix Trucks.

59. Redi-Mix breached its contract by refusing to pay the hourly rate contained in the Addendum.

60. Plaintiff was damaged as a result of Redi-Mix's breach.

WHEREFORE, Plaintiff prays for a judgment against Redi-Mix as follows:

A. Actual damages;

B. Costs;

C. An order requiring that Defendant honor its contractual obligations with regard to its employees' hourly wage;

D. Such other and further relief as the Court deems proper.

## COUNT V
### Unjust Enrichment (In the alternative)

61. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

62. This court has supplemental jurisdiction over matters alleged herein pursuant to 28 U.S.C. §1367.

63. Redi-Mix has been unjustly enriched at the expense of Plaintiff.

64. To the detriment of Plaintiff, Redi-Mix has been, and continues to be, unjustly enriched as a result of the retention of the check written by Redi-Mix and addressed to Plaintiff and the Department of Labor as a result of its violations of the law.

65. Accordingly, Plaintiff seeks full disgorgement and restitution of Defendant's enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

WHEREFORE, Plaintiff prays for a judgment against Redi-Mix as follows:

A. For declaratory judgment and permanent injunctive relief;

B. Actual and punitive damages;

C. Attorney's fees, litigation expenses and costs of suit;

D. Such other and further relief as the Court deems proper.

        Respectfully submitted,

        /s/ Craig Shapiro

Craig Shapiro
Keogh Law, Ltd.
55 W. Monroe St., Ste. 3390
Chicago, Illinois 60603
312.726.1092 (office)
312.726.1093 (fax)

## JURY DEMAND

Plaintiff demands a trial by jury.

        Respectfully submitted,

        /s/ Craig Shapiro

\